# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>    Defendants. | Case No. 17-cv-01997-BAS-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S UNOPPOSED MOTION TO DISMISS (ECF No. 5)**<br><br>**AND**<br><br>**(2) DISMISSING DEFENDANT UNRUH WITHOUT PREJUDICE** |

On September 29, 2017, Plaintiff Gavin B. Davis, proceeding pro se, commenced this action against Defendants Federal Bureau of Investigation ("FBI") and John Gregory Unruch. (ECF No. 1.) Davis alleges that Unruh committed domestic terrorism by "cyberstalking" him in violation of 18 U.S.C. § 2331(5) (domestic terrorism/Patriot Act) and 47 U.S.C. § 223 (use of telecommunications device in interstate commerce to harass). (Compl. ¶¶ 1, 5, 21 (ECF No. 1)). Plaintiff further alleges that the FBI failed to investigate this cyberstalking, despite Plaintiff "provid[ing] direct evidence" of this activity, in violation of 42 U.S.C. § 1983, 18

U.S.C. §§ 241-242, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Compl. ¶ 21.)

The FBI moves to dismiss Plaintiff's claims on various grounds. (ECF No. 5.) Specifically, the FBI argues that it is not subject to civil liability under Plaintiff's theories. (*Id.*) Additionally, the FBI states that the United States has not waived its sovereign immunity with respect to these claims, and therefore, argues that the Court lacks subject matter jurisdiction. (*Id.*) Plaintiff has not opposed Defendant's motion.

I.  FBI

Civil Local Rule 7.1(e)(2) provides that a party opposing a motion must file either an opposition or a statement of non-opposition no later than fourteen calendar days prior to the noticed hearing date. If a party fails to comply with this rule, "that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. L.R. 7.1(f)(3)(c); *accord Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Here, because the hearing date for the FBI's motion was January 22, 2018, Plaintiff was required to file either an opposition or a statement of non-opposition by January 8, 2018. *See* Civ. L.R. 7.1(e)(2). Plaintiff failed to comply with this requirement. The Court also notes that Plaintiff "was given ample time to respond to" Defendant's motion, and there is no evidence before the Court that Plaintiff was not aware of the pending motion. *See Ghazali*, 46 F.3d at 54. The Court therefore finds that Plaintiff's failure to file an opposition constitutes Plaintiff's consent to the granting of Defendant's motion. *See* Civ. L.R. 7.1(f)(3)(c).

Accordingly, the Court **GRANTS** Defendant FBI's motion and **DISMISSES WITH PREJUDICE** claims against FBI.

## II. Defendant Unruh

Plaintiff alleges claims against Defendant Unruh based on two federal criminal statutes, 18 U.S.C. § 2331(5) (domestic terrorism) and 47 U.S.C. § 223(a) (use of telecommunications device in interstate communications to annoy, abuse, harass, or threaten any person). "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private right of action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quotation omitted). "Instead, the statute must either explicitly create a right of action or implicitly contain one." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1230 (9th Cir. 2008) (citation omitted); *see also Alexander v. Sandoval*, 532 U.S. 275, 286 (2001 (Scalia, J.) ("Like substantive federal law itself, private rights of action to enforce federal laws must be created by Congress"); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding that criminal provisions that provide no basis for civil liability do not give rise to a civil cause of action); *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("[T]his Court has rarely implied a private right of action under a criminal statute.")

Neither statute Plaintiff seeks to invoke in his Complaint is a criminal provision providing for a private cause of action. Thus, various courts have concluded allegations that these criminal statutes were violated are insufficient to state a claim. *See Jianjun Xie v. Oakland Unified Sch. Dist.*, No. C 12-02950 CRB, 2012 WL 5869707 at *6 (N.D. Cal. Nov. 19, 2012) (holding that harassment under 47 U.S.C. § 223 provides no civil remedy); *Cox v. Randazza*, No. 2:13-cv-00297-MMD-VCF, 2013 WL 6408736, at *6 (D. Nev. Nov. 27, 2013) (stating that claims under 47 U.S.C. § 223 are not properly brought in a civil complaint); *Sloan v. Truong*, 573 F. Supp. 2d 823, 829 (S.D.N.Y. 2008) (same); *Boyd v. City of Oceanside Police Dep't*, No. 11-cv-3039-LAB (WMc), 2013 WL 5671164, at *5 (S.D. Cal. Oct. 11, 2013) (finding no private civil right of action under domestic terrorism statute, 18 U.S.C. § 2331); *Archer v. City of Taft*, No. 1:12-cv-00261-AWI-JLT, 2012 WL 1458136, at *6 (E.D. Cal. Apr. 26, 2012) (same). This Court agrees. To the extent Plaintiff is

claiming federal jurisdiction because of a violation of a federal criminal statute, he fails to state a claim and the Complaint should be dismissed pursuant to Rule 12(b)(6).

To the extent Plaintiff is alleging some other state law claim, because there are no allegations about the amount in controversy, he fails to state sufficient information to show that subject matter jurisdiction exists in federal court. Therefore, the Court **DISMISSES** *sua sponte* the Complaint against Unruh. However, the Court will give Plaintiff leave to amend the Complaint against Unruh only. If Plaintiff elects to file an amended Complaint against Unruh, he must put the basis of his claim and why it belongs in federal court. Simply alleging violation of a federal criminal statute is insufficient.

### III. Conclusion

The Court **GRANTS** the FBI's Motion to Dismiss with prejudice. (ECF No. 5.) The Court **DISMISSES** *sua sponte* the remaining claims against Defendant Unruh, but gives Plaintiff leave to file an amended Complaint against Unruh only. Any amended Complaint must address the concerns expressed by the Court in this Order and must be filed **no later than April 6, 2018**.

**IT IS SO ORDERED.**

DATED: March 7, 2018

Hon. Cynthia Bashant
United States District Judge