# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>                Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>                Defendants. | Case No. 17-cv-01997-BAS-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS (ECF No. 5)**<br><br>**AND**<br><br>**(2) DISMISSING WITHOUT PREJUDICE DEFENDANT UNRUH** |

      On September 29, 2017, Plaintiff Gavin B. Davis, proceeding pro se, commenced this action against Defendants Federal Bureau of Investigation ("FBI") and John Gregory Unruh. (ECF No. 1.) Davis alleges that Unruh committed domestic terrorism by "cyberstalking" him in violation of 18 U.S.C. § 2331(5) (domestic terrorism/Patriot Act) and 47 U.S.C. § 223 (use of telecommunications device in interstate commerce to harass). (Compl. ¶¶ 1, 5, 21 (ECF No. 1)). Plaintiff further alleges that the FBI failed to investigate this cyberstalking, despite Plaintiff "provid[ing] direct evidence" of this activity, in violation of 42 U.S.C. § 1983, 18

U.S.C. §§ 241-242, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Compl. ¶ 21.)

On December 4, 2017, the FBI moved to dismiss Plaintiff's claims on various grounds. (ECF No. 5.) Specifically, the FBI argues that it is not subject to civil liability under Plaintiff's theories. (*Id.*) Additionally, the FBI states that the United States has not waived its sovereign immunity with respect to these claims, and therefore, argues that the Court lacks subject matter jurisdiction. (*Id.*) When Plaintiff did not initially respond to the FBI's motion, the Court granted the unopposed motion and *sua sponte* dismissed the claims against Defendant Unruh for lack of subject matter jurisdiction. (*See* ECF No. 6.) The Court later vacated its Order, and granted Plaintiff's request for an extension of time to respond to the FBI's motion. (ECF No. 9.) When granting this extension, the Court gave Plaintiff notice of its previous ruling dismissing Defendant Unruh's claims. (*Id.* at 3.) On June 12, 2018, Plaintiff opposed the FBI's motion. (ECF No. 10.)

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the foregoing reasons, the Court **GRANTS WITH PREJUDICE** the FBI's Motion to Dismiss and *sua sponte* **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendant Unruh.

I.  **Legal Standard**

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to dismiss an action based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

asserting jurisdiction." *Id.* (citations omitted). Thus, "[w]hen subject matter jurisdiction is challenged under the Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., L.L.C. v. United State*s, 541 F.3d 1189, 1197 (9th Cir. 2008), quoting *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), abrogated on other grounds *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court may raise the issue of lack of subject matter jurisdiction *sua sponte* at any point in the proceedings. Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6). *Omar v. Sea-Land Serv. Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citing *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).

The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court

to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## II. Discussion

### A. FBI

Plaintiff alleges claims against the FBI under 42 U.S.C. § 1983, 18 U.S.C. §§ 241-242 (conspiracy against rights and deprivation of rights under the color of law), and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). These claims fail because the Court lacks jurisdiction over the FBI for these claims and because the FBI is not subject to liability under these statutes and case law.

The Court lacks jurisdiction over the FBI for Plaintiff's claims under 42 U.S.C. § 1983 and *Bivens* based on sovereign immunity. Under the doctrine of sovereign immunity, the United States may not be sued unless it expressly consents to be sued or unequivocally waives sovereign immunity. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing *United States v. King*, 395 U.S. 1, 4 (1969)). There has been no waiver of sovereign immunity by the FBI for the claims alleged by Plaintiff. *See Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1117 (9th Cir. 2003) (stating that no waiver of sovereign immunity exists for *Bivens* claims); *Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (9th Cir.

1993) (affirming the dismissal of section 1983 claims against the FBI by stating "what matters is that the FBI is a federal agency and that Congress has not revoked its immunity"). Therefore, the Court lacks jurisdiction over these claims, and the claims must be dismissed.

Moreover, Plaintiff's claim that the FBI violated his constitutional rights under *Bivens* also fails. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994). In *F.D.I.C. v. Meyer*, the Supreme Court expressly declined to extend the category of defendants for *Bivens* claims from federal *agents* to also include federal *agencies*. *Id.* Thus, parties may not sue federal agencies, like the FBI, in *Bivens* actions. *See id.*; *see also West v. City of Mesa*, 708 Fed. Appx. 2008, 291 (9th Cir. 2017). Accordingly, Plaintiff's *Bivens* claim against the FBI fails.

Lastly, no private right of action exists under 18 U.S.C. §§ 241-242. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding that sections 241 and 242 "provide no basis for civil liability" and do not give rise to a civil cause of action). "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private right of action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quotation omitted). "Instead, the statute must either explicitly create a right of action or implicitly contain one." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1230 (9th Cir. 2008) (citation omitted); *see also Alexander v. Sandoval*, 532 U.S. 275, 286 (2001 (Scalia, J.) ("Like substantive federal law itself, private rights of action to enforce federal laws must be created by Congress"); *Aldabe*, 616 F.2d at 1092 (finding that criminal provisions that provide no basis for civil liability do not give rise to a civil cause of action); *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("[T]his Court has rarely implied a private right of action under a criminal statute."). Many courts have determined that an allegation that a criminal statute was violated is insufficient to state a claim. *See, e.g., Jianjun Xie v. Oakland Unified Sch. Dist.*, No. C 12-02950 CRB, 2012 WL 5869707 at *6

(N.D. Cal. Nov. 19, 2012). Therefore, the Court dismisses Plaintiff's 18 U.S.C. §§ 241-242 claims against the FBI.

Accordingly, because no other facts could cure the deficiencies outlined above, the Court **GRANTS** Defendant FBI's motion and **DISMISSES WITH PREJUDICE** claims against FBI.

**B.    Defendant Unruh**

Plaintiff alleges claims against Defendant Unruh based on two federal criminal statutes, 18 U.S.C. § 2331(5) (domestic terrorism) and 47 U.S.C. § 223(a) (use of telecommunications device in interstate communications to annoy, abuse, harass, or threaten any person). As discussed above and in this Court's previous order, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private right of action." *Touche Ross & Co.*, 442 U.S. at 568 (quotation omitted); (*see also* ECF No. 6.) "Instead, the statute must either explicitly create a right of action or implicitly contain one." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d at 1230 (citation omitted).

Neither statute Plaintiff seeks to invoke in his Complaint is a criminal provision providing for a private cause of action. (*See* ECF No. 6.) Thus, various courts have concluded allegations that these criminal statutes were violated are insufficient to state a claim. *See Jianjun Xie*, No. C 12-02950 CRB, 2012 WL 5869707 at *6 (holding that harassment under 47 U.S.C. § 223 provides no civil remedy); *Cox v. Randazza*, No. 2:13-cv-00297-MMD-VCF, 2013 WL 6408736, at *6 (D. Nev. Nov. 27, 2013) (stating that claims under 47 U.S.C. § 223 are not properly brought in a civil complaint); *Sloan v. Truong*, 573 F. Supp. 2d 823, 829 (S.D.N.Y. 2008) (same); *Boyd v. City of Oceanside Police Dep't*, No. 11-cv-3039-LAB (WMc), 2013 WL 5671164, at *5 (S.D. Cal. Oct. 11, 2013) (finding no private civil right of action under domestic terrorism statute, 18 U.S.C. § 2331); *Archer v. City of Taft*, No. 1:12-cv-00261-AWI-JLT, 2012 WL 1458136, at *6 (E.D. Cal. Apr.

26, 2012) (same). This Court agrees. To the extent Plaintiff is claiming federal jurisdiction because of a violation of a federal criminal statute, he fails to state a claim and the Complaint should be dismissed pursuant to Rule 12(b)(6).

To the extent Plaintiff is alleging some other state law claim, because there are no allegations about the amount in controversy, he fails to state sufficient information to show that subject matter jurisdiction exists in federal court. Therefore, the Court **DISMISSES** *sua sponte* the Complaint against Unruh. However, the Court will give Plaintiff leave to amend the Complaint against Unruh only. If Plaintiff elects to file an amended Complaint against Unruh, he must put the basis of his claim and why it belongs in federal court. Simply alleging violation of a federal criminal statute is insufficient.

### III. Conclusion

The Court **GRANTS WITH PREJUDICE** the FBI's Motion to Dismiss. (ECF No. 5.) The Court *sua sponte* **DISMISSES WITHOUT PREJUDICE** the remaining claims against Defendant Unruh, but gives Plaintiff leave to file an amended Complaint against Unruh only. Any amended Complaint must address the concerns expressed by the Court in this Order and must be filed **no later than August 16, 2018**.

**IT IS SO ORDERED.**

DATED: July 16, 2018

Hon. Cynthia Bashant
United States District Judge